_____

No. 95-2103
_____

Robert Neil Joos, Jr.,                    *
also known as David Dean,          *
                                                     *
          Appellant,                          *
                                                     *     Appeal from the United States
     v.                                            *     District Court for the Western
                                                     *     District of Arkansas.
Deputy Ratliff, Benton County;    *
Deputy Spann, Benton County;     *              [PUBLISHED]
Sheriff Andy Lee; Unknown        *
Deputies, of Benton County Jail,  *
                                                     *
          Appellees.                          *

_____

Submitted: March 18, 1996

Filed: October 11, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Robert Joos appeals from the district court's[1] judgment in favor of
defendants following an evidentiary hearing in his 42 U.S.C. § 1983 action.
We conclude the force employed against Joos in connection with his arrest
was both de minimis and a reasonable response when Joos resisted officers'
attempts to effect his arrest and booking.  We further conclude that the
district court properly denied the remainder of Joos's claims and that an
extended discussion is unwarranted.  Accordingly, we affirm.

_____

     The Honorable H. Franklin Waters, Chief Judge, United States
District Court for the Western District of Arkansas, adopting the
report and recommendation of the Honorable Beverly R. Stites,
United States Magistrate Judge for the Western District of
Arkansas.

MORRIS SHEPPARD ARNOLD, Circuit Judge, dissenting.

The truncated statement of facts in the court's per curiam opinion conceals from view what is important about this case. Mr. Joos claimed, among other things, that Mr. Ratliff used excessive force against him in order to secure his fingerprints. Mr. Ratliff testified that Mr. Joos would not allow himself to be fingerprinted and that Mr. Joos had made a fist with his thumb tucked inside in order to prevent it. According to his own account, Mr. Ratliff then seized Mr. Joos, pressed his thumb against Mr. Joos's mandibular nerve junction below his jaw, and repeatedly pushed his thumb forward toward Mr. Joos's nose in an effort to compel him to open his hand. Indeed, Mr. Ratliff felt obliged to repeat this maneuver two or three times the next day before Mr. Joos finally relented. The magistrate judge, as she had to, accepted Mr. Ratliff's testimony as true, but concluded that Mr. Joos was a pre-trial detainee and that Mr. Ratliff's actions were "reasonably related to goals of obtaining plaintiff's identity..."

Though the matter is not entirely free from doubt, my own evaluation of the undisputed facts in this case leads me to the conclusion that, at the time of the incidents of which Mr. Joos complains, he was an arrestee, not a pre-trial detainee, and that his allegations are therefore to be judged against the reasonableness requirements of the fourth amendment. See Graham v. Connor, 440 U.S. 386, 395 (1989). Whether the force exerted on Mr. Joos in this case was constitutional, therefore, depends on whether it appears to have been reasonable in the circumstances in which it was resorted to.

Because determining reasonableness requires a comparison of ends and means, I take it that it is proper to evaluate the

-2-

importance of the object that the force was employed to achieve. Preventing the escape of a dangerous felon, for instance, or

preventing an assault on an officer, would be objects that would legitimate a large amount of force indeed. But here, the fingerprinting of Mr. Joos was collateral to the core objects of a criminal proceeding. There is no finding that Mr. Joos's identity was not known, or, even if it was not, that that would have interfered with prosecuting him for the offense with which he was charged. So the object of the force, namely, to secure Mr. Joos's fingerprints, seems not to have been essential to the achievement of a compelling government objective. At the means end of the inquiry, it seems evident that the amount of force used against Mr. Joos was not <u>de</u> <u>minimis</u>, that it was resorted to repeatedly, and that it caused Mr. Joos not inconsiderable pain -- enough indeed to cause him to do something that he very much did not want to do.

Under these circumstances, I cannot say that the force applied to Mr. Joos was reasonable. In fact, using force to extract information from the bodies of persons accused of crime can rarely be reasonable. I would therefore reverse the district court's judgment and remand the case for an inquiry into Mr. Joos's damages on this aspect of his complaint.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-